IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VERNAIL BROWN,

                                                    OPINION AND ORDER

                Petitioner,

                                                    16-cv-538-bbc
                                                    07-cr-50-bbc-1

       v.

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Vernail Brown has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that he was sentenced improperly as a career offender under the sentencing guidelines after he was convicted of bank robbery in 2007. He maintains that the court erred in counting his prior convictions as crimes of violence.

       Petitioner's claims are untimely, which would be a reason in itself not to grant his petition. He mentions the "residual clause," which suggests that he is bringing his claim under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), but <u>Johnson</u> was decided more than one year before he filed his motion on July 29, 2016. Thus, even if his motion were related to the holding in <u>Johnson</u>, which it is not, it would be late under 28 U.S.C. § 2255(h).

       In any event, petitioner has failed to show that he would be entitled to a new sentencing had he filed a timely motion. At the time of his original sentencing, the

presentence report showed that petitioner had three prior convictions for crimes of violence or felony drug offenses. One of these was for substantial battery, which is clearly a crime of violence because it has as an element the use of physical force against the person of another. U.S.S.G. § 4B1.2(a)(1) (term "crime of violence" means offense that has as element use, attempted use or threatened use of physical force against person of another). A second prior conviction was for delivery of cocaine, which is a controlled substance offense under U.S.S.G. § 4B1.2(b), and another was for escape. Under the sentencing guidelines, two prior convictions for either a crime of violence or a controlled substance offense suffice to make a person a career offender. U.S.S.G. § 4B1.1(a). Thus, it is irrelevant to petitioner's challenge that escape, that is, failure to report for penal confinement, is not a violent felony under the Armed Career Criminal Act, Chambers v. United States, 555 U.S. 122 (2009), or under the sentencing guidelines. United States v. Templeton, 543 F.3d 378 (7th Cir. 2008).

Petitioner adds a claim of what he calls "newly discovered evidence," saying that he has just discovered from reading the opinion in Mathis v. United States, 136 S. Ct. 2243 (2016), that the charge against him "would not fall under the violent felony, nor the crime of violence clause nor the force clause." Mot., dkt. #1, at 6. If he is saying that the charge of which he was convicted in this court is not a violent felony and therefore, he should be resentenced, he is wrong. His convictions were for bank robbery in violation of 18 U.S.C. § 2113(a). He pleaded guilty to five counts of knowingly taking by *intimidation*, from the person and presence of another, money belonging to and in the care, custody, control, management, and possession of a particular bank. "Intimidation" has been defined as "the

2

threat of force," United States v. Thornton, 539 F.3d 741, 748 (7th Cir. 2008); as "a reasonable fear that resistant will be met with physical force," United States v. Smith, 131 F.3d 685, 688 (7th Cir. 1997); and as occurring when an individual makes a threat "with the intent of placing the victim in fear of bodily harm or death," Virginia v. Black, 548 U.S. 343, 360 (2003).

In short, petitioner has failed to show that he would be entitled to any relief even if he had filed a timely motion for post conviction relief.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a

notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Vernail Brown's motion for post conviction relief is DENIED. Further, it is ordered that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 19th day of August, 2016.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge